UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JOHNSON, JR., | No. C 08-1088 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| PAM AHLIN, (Acting) Executive Director of Coalinga State Hospital, | |
| Respondent. | |

## INTRODUCTION

Joseph Johnson, Jr. filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254 to challenge one or more decisions to civilly commit him under California's Sexually Violent Predator Act ("SVPA"), see Cal. Welf. & Inst. Code § 6600 et seq. After he filed his petition, he filed a first amended petition and then a second amended petition. The latest pleading supersedes the earlier ones. His second amended petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue

an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The second amended petition has several problems that must be corrected by further amendment. First, the second amended petition is unclear as to which particular civil commitment decision Johnson is challenging. Johnson has a long and complicated history in the state courts and apparently has been subjected to three 2-year commitment proceedings. He also has challenged his civil commitment proceedings in earlier federal habeas actions. See Johnson v. Babcock, No. C 03-235 SI; In Re. Johnson, No. C 03-3292 SI; Johnson v. Hunter, No. C 05-2064 SI; Johnson v. Flores, No. C 05-4916 SI. He cannot challenge multiple decisions in a single habeas petition. His third amended petition must identify the particular decision he is challenging. (If he wants to challenge two commitment decision, he should challenge one in his third amended petition, and file a new habeas action to challenge the other one.) The different decisions need to be challenged in separate habeas petitions because each has different procedural concerns, such as the statute of limitations and exhaustion requirements as well as limitations on second and successive petitions. Also, each likely would have different relief, if relief was granted.

Second, Johnson makes a confusing mootness argument in his second amended petition which seems to counsel against, rather than in favor of, this court hearing any challenge. The court does not understand the purpose of including this argument, i.e., whether it was intended as a claim for habeas relief or was included for some other reason. If Johnson intends it as a claim for relief, he needs to articulate the claim in an understandable way, such that his argument explains why "mootness" would violate the constitution, laws or treaties of the United States.

Third, Johnson has not adequately identified the grounds for relief. A habeas petition must specify all the grounds for relief and state the facts supporting each ground. See Rule 2 of Rules Governing Section 2254 Cases In The United States District Courts. Here, the reader must

2

1  pore through Johnson's 31-page legal argument to try to figure out what claims Johnson might
2  want to have considered.  That is no easy task, as much of that legal argument is devoted to
3  assertion of the many problems with the state commitment laws.  Instead of the court and
4  respondent's counsel guessing at the number and nature of the alleged federal constitutional
5  claims, it is far preferable to have Johnson describe them in a coherent list.  In his third amended
6  petition, Johnson must provide a list of the constitutional claims he is making and provide a short
7  description – 1-3 sentences should suffice – identifying the facts that support each claim.  He can
8  submit a legal argument (although it is not necessary), but he must nonetheless provide a list of
9  constitutional claims with a short description of the facts in support of each claim.

10  Fourth, the state law claims must be eliminated.  The second amended petition argues that
11  there were various state law errors, but those claims are not cognizable in federal habeas
12  proceedings.  For a person in custody pursuant to the judgment of a state court, the federal writ
13  is available "only on the basis of some transgression of federal law binding on the state courts."
14  Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107,
15  119 (1982)), cert. denied, 478 U.S. 1021 (1986).  It is unavailable for violations of state law or
16  for alleged error in the interpretation or application of state law.  See Estelle v. McGuire, 502
17  U.S. 62, 67-68 (1991); Engle, 456 U.S. at 119.  Even if there was a violation of the California
18  Welfare and Institution Code in the civil commitment proceedings, that alone would not allow
19  this court to issue the writ of habeas corpus.

## CONCLUSION

For the foregoing reasons, the second amended petition is dismissed with leave to amend. Johnson must file a third amended petition no later than **October 31, 2008** that corrects the deficiencies identified in this order.   Any legal discussion in the third amended petition must not exceed 25 pages in length.

IT IS SO ORDERED.

Dated: September 29, 2008

_____
SUSAN ILLSTON
United States District Judge