UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH JOHNSON, JR.,

    Petitioner,

v.

PAM AHLIN (Acting) Executive Director of Coalinga State Hospital;

    Respondent.
                               /

No. C 08-1088 SI (pr)

**ORDER TO SHOW CAUSE AND OF PARTIAL DISMISSAL**

## INTRODUCTION

Joseph Johnson, Jr. filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge one or more decisions to civilly commit him under California's Sexually Violent Predator Act ("SVPA"), see Cal. Welf. & Inst. Code § 6600 et seq. At the time he commenced this action, Johnson was in custody at Coalinga State Hospital, but has since been released from custody.

After Johnson filed his petition, he filed a first amended petition and then a second amended petition. The court reviewed his second amended petition and dismissed it with leave to amend. Johnson then filed a third amended petition, which is now before the court for review.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue

1  an order directing the respondent to show cause why the writ should not be granted, unless it
2  appears from the application that the applicant or person detained is not entitled thereto." 28
3  U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are
4  vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v.
5  Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

6  Johnson asserts three claims in his petition, only the first of which requires a response
7  from respondent. Johnson's first claim is that the "request letter for petition to be filed for
8  recommitment by the medical director of Atascadero State Hospital violated petitioner's due
9  process and equal protection rights under the Fourteenth Amendment under the United States
10 Constitution." Third Amended Petition, p. 6. He argues that the proceedings on the 2002
11 recommitment petition were defective because the letter requesting that the petition be filed was
12 signed by the medical director of Atascadero State Hospital ("ASH"), rather than the director of
13 the California Department of Mental Health ("DMH") – a procedure he contends violated state
14 law. There is no equal protection violation suggested by the facts or allegations in the petition,
15 and that claim is therefore dismissed. The essence of the due process claim is that Johnson's
16 federal due process rights were violated when the State of California failed to follow the
17 commitment procedures set forth in the SVPA. See generally Hicks v. Oklahoma, 447 U.S. 343
18 (1980) (criminal defendant's federal due process rights were violated by the state court's failure
19 to follow state law). Giving the pro se petition the liberal construction to which it is entitled, the
20 court cannot say that this due process claim is frivolous. It requires a response.

21 Johnson's second claim for relief is that his "civil commitment after the applicable
22 commitment term expired violated his due process rights under the Fourteenth Amendment to
23 the United States Constitution." Third Amended Petition, p. 6. This claim will be dismissed
24 because it pertains to a different recommitment proceeding than the first claim – contrary to the
25 specific instructions in the court's Order Of Dismissal With Leave to Amend, p. 2. Johnson was
26 ordered to limit his third amended petition to challenges to one decision and to file another
27 habeas action if he wanted to challenge another decision. Id. If one reads the "supporting facts"
28

section of the third amended petition and the exhibit thereto, one can reasonably figure out that Ground One pertains to the 2002 commitment (even though Johnson does not, in Ground One, identify that commitment as the decision challenged). Ground Two, however, pertains to a different decision, as it complains about Johnson's continued detention after the 2002 recommitment expired – which is another way of describing the pretrial delay for the 2004 commitment proceedings. (Although his third amended petition does not allege that he was committed again on the 2004 commitment petition, he has alleged in other actions that there was a commitment on the 2004 petition. See Johnson v. Flores, C 05-4916 SI, March 7, 2006 Order Of Dismissal With Leave To Amend, pp. 1-2.) Johnson's second claim does not challenge the 2002 commitment decision and therefore is dismissed without leave to amend.

Johnson's third claim is that his "indefinite pretrial detention prior to his civil commitment violated his equal protection rights under the Fourteenth Amendment to the United States Constitution." Third Amended Petition, p. 6. Johnson contends that "of the seven civil commitment schemes in California, only one allows an individual to be held without a trial for years or without any procedural limitations when a trial must be conducted and that is the SVPA." Third Amended Petition, p. 13. However, the procedural history described by petitioner here, and by the courts that have considered his various challenges to the SVP proceedings against him plainly show that it was not the structure of the SVPA, but instead was the fact that so many court challenges were filed in the commitment proceeding that resulted in the lengthy pretrial detention for Johnson. See Third Amended Petition, pp. 6-8; see also People v. Johnson, 2009 WL 120490 (Cal. Ct. App. Jan. 20, 2009) (unpublished decision); People v. Johnson, 2007 WL 3020037 (Cal. Ct. App. Oct. 17, 2007) (unpublished decision); Litmon v. Superior Court, 123 Cal. App. 4th 1156 (Cal. Ct. App. 2004) (discussing procedural histories of Johnson and another SVP). Among the reasons for the delays were those attendant to Johnson filing at least two petitions for writ of mandamus in the state appellate courts in 2002/2003 and 2004. There also were delays resulting from expert evaluation problems, witness availability problems (discussed at length in the 2009 state court of appeal decision cited above), and from

numerous pretrial challenges filed by Johnson and the People. That the efforts to commit him were vigorously litigated by both Johnson and the People does not show an equal protection violation in the statutory scheme for commitment of SVPs. Johnson has not identified similarly situated persons who were subjected to different treatment. Cf. Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir. 2005) (evidence of different treatment of unlike groups does not support an equal protection claim). The equal protection claim is patently meritless and is dismissed without leave to amend.

## CONCLUSION

For the foregoing reasons,

1. The claim that the impropriety in the letter from the director of ASH requesting Johnson's recommitment in 2002 violated his right to due process warrants a response. All other claims are dismissed without leave to amend.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **July 31, 2009**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **August 28, 2009**. The traverse (including legal memorandum) may not exceed 20 pages in length.

IT IS SO ORDERED.

DATED: June 4, 2009

                                        SUSAN ILLSTON
                                        United States District Judge