UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JOHNSON, JR., | No. C 08-1088 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| PAM AHLIN (Acting) Executive Director of Coalinga State Hospital; | |
| Respondent. | |

**INTRODUCTION**

Joseph Johnson, Jr., formerly a civil detainee at Coalinga State Hospital under California's "Sexually Violent Predators Act" (California Welfare & Institutions Code § 6600 et. seq.) ("SVPA"), filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is now before the court for consideration of the merits of the petition. For the reasons discussed below, the petition will be dismissed.

**BACKGROUND**

On May 25, 2000, petitioner Johnson was civilly committed for two years pursuant to the SVPA. (Pet. at 6.) On April 21, 2002, the Santa Clara County District Attorney filed a petition to recommit petitioner as a Sexually Violent Predator ("SVP") for another 2-year term. (Id. at

6-7.) That petition is the one at issue here.

In 2004, before petitioner had been tried on the 2002 recommitment petition, a second recommitment petition was filed to recommit petitioner for another two-year term, to 2006. (Id. at 7.) The prosecution's motion to consolidate trial of the 2002 and 2004 petitions was granted. (Id.) Johnson and another SVP who was in a similar situation, David Litmon, filed petitions for mandamus directed to the consolidations. Litmon v. Superior Court, 123 Cal. App. 4th 1156, 1161 (2004). Mandamus was granted in the California Court of Appeal, and the case was remanded for trial "forthwith" on the 2002 petition at issue here. Id at 1177-78. Johnson was tried, and on September 2, 2005, the jury found the petition to be true and the court ordered him committed for the period from May 25, 2002, to May 25, 2004. (Pet. at 8.) The commitment was affirmed on direct appeal by the California Court of Appeal and the Supreme Court of California denied review. (Id.)

On October 5, 2005, the District Attorney filed a third recommitment petition ("2006 petition") to extend petitioner's commitment from 2006 until 2008. People v. Johnson, No. H031765, 2009 WL 120490 at *2 (Cal. App. 2009) (unpublished). The 2004 and 2006 petitions were consolidated for trial over Johnson's objection. Id. at *2-3. After considerable delay, the court granted the prosecutor's motion to apply to Johnson's initial 2000 commitment a 2006 amendment to the SVPA allowing indeterminate commitments, and ordered that Johnson be held indefinitely. Id. at *6. The California court of appeal reversed the order imposing an indefinite term of commitment, and ordered that upon remand the trial court dismiss the consolidated recommitment petitions. Id. at 12.

Johnson filed this petition on February 22, 2008. The original petition and two subsequent amended petitions were dismissed with leave to amend. The court dismissed two of the issues in the Third Amendment Petition, and issued an order to show cause on one issue, whether Johnson's rights were violated when the proceedings against him were triggered by a letter signed by the Medical Director of Atascadero State Hospital, rather than the person purportedly required by statute, the California Director of Mental Health.

///

Respondent contends in her answer to the order to show cause that the petition should be dismissed as moot, that it should be dismissed as unexhausted, and that Johnson's claim is without merit.

**JURISDICTION**

Respondent contends, among other things, that this petition is moot. Because mootness goes to jurisdiction, that contention will be considered first.

The jurisdiction of federal courts depends on the existence of a "case or controversy" under Article III of the Constitution. PUC v. FERC, 100 F.3d 1451, 1458 (9th Cir. 1996). Article III, § 2, of the Constitution requires the existence of a "case" or "controversy" through all stages of federal judicial proceedings. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "[A] dispute solely about the meaning of a law, abstracted from any concrete actual or threatened harm, falls outside the scope of the constitutional words 'Cases' and 'Controversies'." Alvarez v. Smith, 130 S. Ct. 576, 580-81 (2009) (citations omitted).

It is undisputed that Johnson has served the two year recommitment order that he challenges in his habeas petition. Subsequent recommitment petitions have been dismissed by the California Court of Appeal, resulting in the petitioner's release from custody. Petitioner is no longer subject to any criminal or civil custody arising from the 2002 recommitment petition.

Johnson presents two arguments in opposition to Respondent's claim of mootness: That he suffers a consequence of the SVP recommitment, in that he is subject to reporting requirements, and that an exception to the mootness doctrine for claims "capable of repetition but evading review" applies.

First, Johnson contends that he is suffering a collateral consequence of the commitment challenged here in that he is subject to a reporting requirement. An incarcerated or paroled convict's challenge to the validity of his conviction satisfies the case-or-controversy requirement because the incarceration or the restrictions imposed by the terms of the parole constitute a

1 concrete injury, caused by the conviction and redressable by the invalidation of the conviction.
2 Spencer v. Kemna, 523 U.S. 1, 7 (1998).  Once the convict's sentence has expired, however, the
3 petitioner must show why the case is not moot.  Id.  This may be by showing some concrete and
4 continuing injury other than the now-ended incarceration or parole -- some "collateral
5 consequence" of the conviction.  Id.

6      Johnson contends that as a consequence of the recommitment challenged here he is
7 required to report his address and employment every ninety days.  See Cal. Penal Code §
8 290.012(b) (formerly Cal. Penal Code § 290(a)(1)(A));  Welf. & Inst. Code § 6600 et. seq.  The
9 registration requirement applies to anyone who has been found to be an SVP.  Id.

10      In support of his contention that the reporting requirement constitutes a collateral effect
11 sufficient to prevent mootness, Johnson cites Carty v. Nelson, 426 F.3d 1064 (9th Cir. 2005).
12 In Carty the court held that the SVP registration requirement was a collateral consequence of
13 Carty's having been found to be an SVP.  Id. at 1071.  Carty is inapplicable here, however,
14 because in that case the petitioner was challenging his initial SVP determination and the only
15 subsequent such determination; that is, success in his habeas case would eliminate the SVP
16 designation altogether, and thus free him from the registration requirement.  Id. at 1066, 1070,
17 1072.  Here, however, Johnson does not challenge his initial commitment, so he would still be
18 subject to the registration requirement even if he were successful here.  The registration
19 requirement is not a collateral consequence of the commitment at issue here, but rather is a
20 collateral consequence of his having been found to be an SVP – one that could not be redressed
21 by this court if Johnson were successful in this case.  Johnson has not shown collateral
22 consequences from the recommitment at issue here.

23      Johnson's main argument, however, is that this case is capable of repetition but evading
24 review, a exception to the mootness doctrine.  Hubbart v. Knapp, 379 F.3d 773, 777-79 (9th Cir.
25 2004) (applying exception to SVP's claim directed to expired original commitment).  "This
26 well-established exception to mootness applies when '(1) the challenged action [is] in its
27 duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a
28 reasonable expectation that the same complaining party [will] be subject to the same action

4

again.'"  Id. at 777 (quoting Spencer, 523 U.S. at 17 (citation and internal quotation marks omitted)).

In Hubbart the court held that the second prong of the test, that there be a "reasonable expectation" that the same party would "be subject again to the same sanction," was satisfied because Hubbart had in fact been subjected to a second SVP commitment while his challenge to the original one was pending.  Id. at 777-78 & 777 n.1   Indeed, at the time of oral argument in Hubbart a third SVP petition had been filed.  Id. at 777 n.1.  This case is very different.  Johnson, far from presently being committed on an SVP commitment subsequent to the one challenged here, has been released.  Furthermore, at the time of the attempted 2006 proceeding against him, all three of the state's evaluators who considered whether he met the criteria for an SVP concluded that he did not.  People v. Johnson, 2009 WL 120490 at *3-4.

In Carty the Ninth Circuit held that the "capable of repetition" exception did not apply because Carty had been released, just as Johnson has here.  See Carty, 426 F.3d at 1072.  The cases differ a bit, in that Carty had been found not to be an SVP by a jury, whereas here the petitions against Johnson were ordered dismissed by the California Court of Appeal, but even so this case is more like Carty than Hubbart.  The court concludes that Johnson has not established a "reasonable expectation" that he will again be subject to SVP proceedings; he has failed to establish the second prong of the "evading review" exception.  See Spencer, 523 U.S. at 17 (standard); Foster, 347 F.3d at 748 ("The mere fact that a similar order ... might someday issue does not establish a 'reasonable expectation' that such an order will issue. We have held that a mere possibility that something might happen is too remote to keep alive a case as an active controversy.") (emphasis in original).

Further, Johnson does not demonstrate that invalidating his 2002 recommitment proceeding would provide him with any redress.  Even if his 2002 recommitment proceedings were invalidated by the federal court, his original SVP commitment, and all the obligations that come with having been adjudicated an SVP, would be unaffected.  Therefore, any favorable judicial decision would not provide Johnson with relief.  Spencer, 523 U.S. at 7 (redressability requirement).  Because this case is moot, the court lacks jurisdiction and must dismiss it.

**CONCLUSION**

For the foregoing reasons, the petition is DISMISSED. The clerk shall close the file.

IT IS SO ORDERED.

DATED: April 27, 2010

SUSAN ILLSTON
United States District Judge